**In re David G. HAYES, Sarah K. Hayes, Debtors.**

**Bankruptcy No. 2–87–02940.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Dec. 28, 1987.

Gerald A. Rocco, Asst. Atty. Gen., Ohio Student Loan Com'n, Columbus, Ohio, for creditor.

Frank M. Pees, Worthington, Ohio, trustee.

Robin S. Stith, Columbus, Ohio, for debtors.

## ORDER ON PROPOSED AGREED ENTRY

BARBARA J. SELLERS, Bankruptcy Judge.

The debtors David and Sarah Hayes, through their counsel, and the Ohio Student Loan Commission, through the Attorney General for the State of Ohio, have submitted a proposed agreed entry for the Court's approval. For reasons stated below, the Court will not execute that order.

These debtors filed a petition under the provision of Chapter 13 of the Bankruptcy Code on July 2, 1987. Their proposed plan, as amended, was confirmed by the Court on October 7, 1987. The plan provides for payments of $111.49 bi-weekly to the Chapter 13 Trustee, payment in full of all allowed secured claims and a dividend of 70% to all allowed unsecured claims. It is anticipated that the plan will require approximately 44 months for completion.

Among the debtors' unsecured creditors is the Student Loan Servicing Center ("SLSC"). SLSC is owed $3,066 for monies advanced to David Hayes for educational purposes. Those loans are evidenced by two notes, both of which carry the signature of a co-maker. Subsequent to confirmation of the plan, SLSC's obligation was transferred to the Ohio Student Loan Commission ("OSLC") pursuant to the terms of a guaranty arrangement.

On October 14, 1987 OSLC sought relief from the stay imposed by 11 U.S.C. § 1301 to proceed against the co-maker for the portion of the obligation to OSLC not proposed to be paid through the Chapter 13 plan. That relief was opposed by the debtors. Prior to the time of the scheduled court hearing on the matter, the parties represented to the Court that an agreement had been reached between the parties. Presumably the proposed agreed entry embodies that settlement.

As proposed, the agreed entry provides that the debt to OSLC shall be declared voluntarily to be a long term debt excepted from the debtors' anticipated discharge at the conclusion of their plan pursuant to 11

U.S.C. § 1328(c)(1). Section 1328(c)(1) provides, in applicable part:

"A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts provided for by the plan ..., except any debt—

(1) provided for under section 1322(b)(5) of this title."

First, the Court notes that § 1328(c) relates only to a so-called "hardship discharge," granted by the Court on a discretionary basis upon the request of a debtor if certain conditions have been met. No such discharge has been requested in this case and no indication exists that such relief will be sought. Apart from that erroneous citation of authority, however, § 1328(c)(1), or more appropriately, its counterpart set forth in § 1328(a)(1), pertains only to debts provided for in a plan under 11 U.S.C. § 1322(b)(5).

Section 1322(b)(5) of Title 11 provides an optional treatment for certain long term debts. If an obligation is one for which the repayment term exceeds the length of the Chapter 13 plan, the debtor may elect to treat that obligation under the plan by curing any pre-petition arrearage and otherwise maintaining the normal periodic payments on the obligation during the Chapter 13 case. No such treatment of OSLC's claim was proposed in these debtors' plan. Accordingly, the exception to discharge for debts provided for under § 1322(b)(5) is not appropriate.

Based upon the foregoing, the Court will not enter the proposed agreed entry.

IT IS SO ORDERED.